UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BOBETTE J. MORIN,

                      Plaintiff,

                                              5:07-CV-0517

   vs.

HON. JAMES C. TOMEY, *Individually and in his Official Capacity as District Adminisrative Judge of the Fifth Judicial District*; HON. BRYAN R. HEDGES, *Individually and in his Official Capacity as Judge of the Onondaga Family Court;* JOHN R. VONINSKI, *Individually and in his Official Capacity as Executive Assistant to the District Administrative Judge;* WILLIAM F. DOWLING, *Individually and in his Official Capacities AS Law Clerk to FCJ Bryan Hedges and as Fifth District Court Attorney Referee;* THE OFFICE OF COURT ADMINISTRATION OF THE UNIFIED COURT SYSTEM; and THE STATE OF NEW YORK,

                      Defendants.
-----------------------------------------------------------

APPEARANCES:

William D. Frumkin, Esq.
Sapir, Frumkin Law Firm
Suite 310
399 Knollwood Road
White Plains, New York 10603
*Attorney for Plaintiff*

**Norman A. Mordue, Chief U.S. District Judge**

## ORDER

    Because I have a long and personal acquaintance with defendants, I find it necessary to consider sua sponte whether recusal under 28 U.S.C. section 455 is proper. Although none of the circumstances found in Section 455(b) is applicable, the objective "appearance of impropriety" standard embodied in Section 455(a) requires my recusal. Under that standard:

> Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard, as does participation by the judge in the proceeding if he thereby creates the appearance of a lack of impartiality.

United States v. Pepper & Potter, Inc., 677 F. Supp. 123, 125-26 (E.D.N.Y. 1988) (quoting E.W. Thode, Reporter's Notes to Code of Judicial Conduct 60-61 (1973) ).  The objective standard of section 455(a)  "'is designed to promote public confidence in the impartiality of the judicial process.'"  Pepper & Potter, Inc., 677 F. Supp. at 126 (quoting H.R. Rep. No. 93-1453, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6351, 6355).  Thus, because the appearance of impartiality and actual impartiality are of virtually equal importance, recusal can be necessary even where no actual bias exists.  *Id.*  Consequently, while I am confident that I could preside over this case impartially, I conclude that I must recuse myself from its consideration nonetheless to avoid the appearance of a lack of impartiality.

      Therefore, it is hereby

      **ORDERED** that pursuant to 28 U.S.C. § 455(a) the undersigned hereby recuses himself from the above-captioned matter.  The Clerk of the Court is directed to reassign the presiding judge in this case.

Dated:  May 16, 2007
         Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge