UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBETTE J. MORIN,
                              Plaintiff

      v.                                               5:07-CV-517
                                                         DNH/GJD
HON. JAMES C. TORMEY, et al,
                                Defendants.
_____

WILLIAM D. FRUMKIN, ESQ. for Plaintiff
CHARLES J. QUACKENBUSH, Asst. Attorney General for Defendants

### ORDER

Presently before the court are defendants' Motion for a Protective Order and the defendants' objections to the plaintiff's discovery responses. (Dkt. Nos. 53). The parties have filed their respective submissions. (Dkt. Nos. 53, 54). This court held an in-person hearing on May 28, 2008.

After the hearing, this court ordered that defense counsel submit a proposed order for the court to sign, and also ordered that defense counsel submit the proposed order to plaintiff's counsel for approval. Unfortunately, the parties could not agree upon the proposed order, and thus, each party has submitted its own version of the order for the court's review. (Dkt. Nos. 56, 57).

One of the disputed issues in the proposed order concerned personnel files. During the hearing, the court commented that very often personnel files do ***not*** contain ***adverse*** information such as complaints against an employee or other "***adverse***" information. The court did ***not*** state that personnel records are unlikely to

contain documents regarding promotions, demotions, pay grades, and salary information, and that if the information was not in the personnel files, the defendants should look for the information elsewhere in order to respond to plaintiff's requests.

Another issue raised by plaintiff regarding the defendants' proposed order involves plaintiff's responses to defendants' first, third, fourth, and sixth Interrogatories. This court finds that the defendants' version is satisfactory to state this court's ruling. Finally, plaintiff's counsel points out that the discovery deadline stated by defendants was incorrect. The court has corrected the date. This order reflects the court's rulings on May 28, 2008. Based upon the submissions and arguments presented, and for the reasons stated by the court during the hearing, it is hereby

**ORDERED**, that defendants' application to *preclude* plaintiff's inquiry into subjects involving the late Hon. David Klim is **GRANTED,** based on the facts currently before the court. The parties may submit additional briefing on this issue no later than Friday, June 13, 2008; and it is further

**ORDERED**, that defendants' application to limit plaintiff's access to reports and investigative files created and maintained by the Inspector General for the New York State Unified Court System ("IG/UCS") is **GRANTED**; the defense shall provide plaintiff's counsel with copies of the reports dated April 16, 1997 and October 12, 2006 with redactions to prevent disclosure of informants' identities.

IG/UCS investigative files shall not be subject to disclosure. The parties may submit additional briefing on this issue no later than Friday, June 13, 2008; and it is further

**ORDERED**, that defendants' application to preclude plaintiff's access to defendants' personnel files is held in abeyance pending this court's *in camera* review of those files; and it is further

**ORDERED**, that defendants' application to limit plaintiff's access to personnel information on non-party UCS employees is **GRANTED IN PART** and **DENIED IN PART**. The court finds that many of the plaintiff's current requests for such discovery are unjustifiably broad and unduly burdensome. However, in light of the plaintiff's proposal to compromise (and over the objection of the defense), the following discovery shall be permitted:

1. On or by May 30, 2008, plaintiff's counsel shall provide the defense with a list of thirty (30) Chief Clerks/Agency Managers (CCAM's), employed in the New York State Fifth Judicial District and thirty to forty (30-40) lower-ranking Fifth District employees.

2. The Office of the Fifth District Executive, upon whom the plaintiff has served a Subpoena pursuant to FED. R. CIV. P. 45, shall undertake to retrieve the personnel files on such individuals.

3. At a mutually agreed date/time/location, the attorneys for the parties shall jointly examine such files.

    4. Information and materials produced to plaintiff from these files shall be subject to the General Confidentiality Stipulation which has been endorsed by the court.

    5. The documents from these files shall also be redacted to eliminate any personal identifiers, such as social security numbers, etc.

    6. If disputes arise concerning particular files or items therein, those materials shall be set aside and submitted to the court for *in camera* review, and it is

    **ORDERED**, that because plaintiff's answers to defendant's first, third, fourth, fifth, and sixth Interrogatories are unresponsive, plaintiff is directed to provide responsive answers to those Interrogatories by **JUNE 20, 2008.** In particular, the plaintiff is directed to fully disclose the content of each and every political speech/activity event that plaintiff asserts are at issue herein. As to each political speech/activity event, the plaintiff shall particularize the audience, media, date, time, and location, and it is

    **ORDERED**, that by **JUNE 30, 2008**, the plaintiff shall produce for defendants, reports by any and all expert witnesses, including but not limited to medical treatment providers who may be called as witnesses, and it is

    **ORDERED**, that plaintiff shall provide the defense with executed medical waivers by **JUNE 30, 2008**, and it is

    **ORDERED**, that although plaintiff's answers to defendants' second and fifth

Interrogatories are responsive, defendants are granted leave to serve Supplemental Interrogatories by which to learn the identities of individual witnesses to particular political speech/activity events which the plaintiff must particularize as set forth above; and it is further

**ORDERED**, that the defendants are granted leave to serve Supplemental Interrogatories by which to learn specifics regarding generalized allegations presented in the complaint; and it is further

**ORDERED**, that the defendants are granted leave to serve Supplemental Interrogatories exceeding the 25-interrogatory limit provided under FED. R. CIV. P. 33(a)(1); and it is further

**ORDERED**, that the discovery deadline in this action shall be extended to Wednesday, September 25, 2008. *No motions to compel discovery shall be filed without permission of the court*; and it is further

**ORDERED**, that failure to comply with this order may result in appropriate sanctions in the discretion of the court, including, but not limited to the preclusion of evidence and the imposition of costs/fees incurred in connection with discovery processes.

Date: June 5, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge