UNITED STATES DISTRICT COURT  ECF Case
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BOBETTE J. MORIN,

                                  Plaintiff,        Civil Action No.
                                                              07-CV-517 (DNH)(GJD)

    -against-


HON. JAMES C. TORMEY, Individually and
in his Official Capacity as District Administrative
Judge of the Fifth Judicial District, HON. BRYAN
R. HEDGES, Individually and in his Official
Capacity as Judge of the Onondaga Family Court,
JOHN R. VONINSKI, Individually and in his
Official Capacity as Executive Assistant to the
District Administrative Judge, and WILLIAM F.
DOWLING, Individually and in his Official
Capacities as Law Clerk to FCJ Bryan Hedges and
as Fifth District Court Attorney Referee, THE
OFFICE OF COURT ADMINISTRATION OF
THE UNIFIED COURT SYSTEM, and THE
STATE OF NEW YORK,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HER OBJECTIONS TO THE ORDER OF MAGISTRATE
JUDGE GUSTAVE J. DIBIANCO, DATED JULY 28, 2008**

                                                          Sapir & Frumkin LLP
                                                         399 Knollwood Road, Suite 310
                                                         White Plains, New York 10603
                                                         (914) 328-0366

*On the Brief*:

    William D. Frumkin, Esq.
    Scott R. Abraham, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        POINT I.   THE MAGISTRATE JUDGE'S ORDER TO LIMIT PLAINTIFF'S ACCESS TO THE REPORT OF THE IG/UCS IS CLEARLY ERRONEOUS AND IS CONTRARY TO LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **TABLE OF AUTHORITIES**

*Cases*

*Luciente v. International Bus. Machines Corp.*, 262 F.Supp.2d 109 (S.D.N.Y. 2003) . . . . . . . . . 3

*Mitchell v. Fishbein, et al*, 227 F.R.D. 239 (S.D.N.Y. 2005)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)  . . . 6

*Piscane v. Enichem America, Inc.*, 1996 U.S. Dist. LEXIS 9755 (S.D.N.Y. 1996)  . . . . . . . . . . . 3

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d. Cir.), *cert. denied*,
498 U.S. 846 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Troupin v. Metro. Life Ins. Co.*, 169 F.R.D. 546 (S.D.N.Y. 1996)  . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. v. U.S. Gypsum Co.,* 33 U.S. 364, 68 S.Ct. 525 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Rules and Statutes*

Federal Rules of Civil Procedure, Rule 72(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## I. PRELIMINARY STATEMENT

Plaintiff Bobette Morin ("plaintiff"), respectfully submits her objections, pursuant to F.R.Civ.P. 72(a), to the Order of Magistrate Judge Gustave J. DiBianco, dated July 28, 2008. On or about May 30, 2008, defendants filed a Motion for a Protective Order seeking, among other things, that the identities of the individuals providing information to the Inspector General for the New York State Unified Court System ("IG/UCS"), and the statements of those informants in the IG/UCS file, should remain confidential. *See Docket No. 53.* Plaintiff filed her Memorandum of Law in Opposition to Defendants' Motion for a Protective Order, on or about May 30, 2008. *See Docket No. 54.* Magistrate Judge DiBianco filed his Order, dated June 6, 2008, granting defendants' application to limit plaintiff's access to reports and investigative files created and maintained by the IG/UCS. *See Docket No. 58.* Magistrate Judge DiBianco allowed additional briefing to be submitted by the parties on this issue by June 13, 2008. *Id.* Defendants submitted their Supplemental Memorandum of Law in Support of Defendants' Motion for a Protective Order on June 13, 2008. *See Docket No. 59.* Thereafter, plaintiff submitted her Supplemental Memorandum of Law in Opposition to Defendants' Motion for a Protective Order on June 13, 2008. *See Docket No. 60.* Magistrate Judge DiBianco issued his ruling on July 28, 2008, ordering that the defendants' application to redact names from reports and investigative files created and maintained by the IG/UCS was granted, and further ordering that the reports dated April 16, 1997 and October 12, 2006 previously produced will remain redacted to prevent disclosure of informants' identities. *See Docket No. 76.*

In these objections, plaintiff shall limit her argument to those findings of the Magistrate Judge wherein he ordered that the names shall be redacted from reports and investigative files

created and maintained by the IG/UCS, and further ordered that the reports dated April 16, 1997 and October 12, 2006 previously produced will remain redacted to prevent disclosure of informants' identities, and respectfully refer this Court to plaintiff's underlying opposition papers for all other issues not addressed by the plaintiff herein.

## II. STATEMENT OF FACTS

Plaintiff, the former Chief Clerk of Onondaga Family Court, commenced this action for violations of her First Amendment rights. In a meeting with defendants in the Summer of 2002, plaintiff refused the defendants' order to spy on, and provide incorrect negative information about Onondaga Family Court Judge David G. Klim during the 2002 judicial elections. *See Affidavit of William D. Frumkin in Support of Plaintiff's Objections to the Order of Magistrate Judge DiBianco, dated July 28, 2008* (hereinafter "Frumkin Aff."), Exh. 1 at ¶¶ 37-43. Subsequently, defendants subjected plaintiff to a number of retaliatory acts, including, *inter alia*, temporarily assigning plaintiff outside of her regular employment location for the purpose of soliciting complaints and negative information from plaintiff's coworkers and subordinates about her, and pressuring courthouse employees to provide negative information about plaintiff and rewarding these employees with promotions and reassignments or promises of same if they did so. *See Frumkin Aff.*, Exh. 1 at ¶¶ 61, 66, 70-73. Eventually, defendants filed a complaint with the IG/UCS, and thereafter, an investigation was launched by Investigator Thomas Testo and he interviewed defendants, court staff, plaintiff's coworkers and plaintiff's subordinates. *See Frumkin Aff.*, Exh. 1 at ¶¶ 74, 80. Mr. Testo issued his report on or about October 12, 2006, wherein it recommended the removal of plaintiff from her position as Chief Clerk of Onondaga Family Court. *See Frumkin Aff.*, Exh. 1 at ¶ 105; *see Frumkin Aff.,* Exh. 2.

Defendants previously produced the report of the IG/UCS, dated October 12, 2006, in addition to the report of an investigation performed by Martine Arenella in 1997, however, the names of the individuals that were interviewed by the investigators were redacted. *See Frumkin Aff.,* Exh. 2. As previously noted, plaintiff has alleged that defendants retaliated against her by soliciting negative information from plaintiff's coworkers and subordinates, which was eventually used in Mr. Testo's report. Because defendants used the IG/UCS report as a means to remove plaintiff from her position as Chief Clerk, it is inherently unfair that defendants should have complete access to the interviewed individuals' identities, whereas plaintiff is deprived of this information, and thus, plaintiff is precluded from discovering evidence to discredit these individuals. Therefore, based on the disadvantage that this creates for plaintiff, the July 28, 2008 Order of Judge DiBianco is clearly erroneous and contrary to law.

### III. LEGAL ARGUMENT

### STANDARD OF REVIEW

Pursuant to F.R.Civ.P 72(a), the Court may modify or set aside any portion of a magistrate judge's order that is "clearly erroneous or contrary to law." *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d. Cir.), *cert. denied*, 498 U.S. 846 (1990); *Luciente v. International Bus. Machines Corp.*, 262 F.Supp.2d 109 (S.D.N.Y. 2003). A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Piscane v. Enichem America, Inc.*, 1996 U.S. Dist. LEXIS 9755 (S.D.N.Y. 1996). An order is "clearly erroneous" when the Court is left with the definite and firm conviction that a mistake has been committed. *U.S. v. U.S. Gypsum Co.,* 33 U.S. 364, 395, 68 S.Ct. 525, 541 (1948).

## POINT I

### THE MAGISTRATE JUDGE'S ORDER TO LIMIT PLAINTIFF'S ACCESS TO THE REPORT OF THE IG/UCS IS CLEARLY ERRONEOUS AND IS CONTRARY TO LAW

In their Supplemental Memorandum of Law in Support of Defendants' Motion for a Protective Order, defendants principally rely on *Mitchell v. Fishbein, et al*, 227 F.R.D. 239 (S.D.N.Y. 2005), to support their position that the names of the interviewed individuals in the IG/UCS reports, and underlying notes, should be or remain redacted. Defendants' reliance on *Mitchell* is entirely misplaced. The committee members that were named in the reports that were at issue in *Mitchell* were independent and unrelated to the plaintiff. Furthermore, only the substance of the statements, and not the committee members' identities, were relevant to plaintiff's claim. Here, however, plaintiff was associated through her employment with the interviewed individuals that were named in the IG/UCS's report. More importantly, here, the identity of the interviewed individuals in the IG/UCS's report are relevant to plaintiff's claims based on the allegations that defendants retaliated against her when they solicited complaints and negative information from plaintiff's coworkers and subordinates about her, and that courthouse employees were pressured to provide negative information about plaintiff and were rewarded with promotions and reassignments or promises of same if they did so.

It is inherently unfair that defendants have access to the identities of the interviewed individuals used in the IG/UCS's report, whereas plaintiff is deprived of this information. Not only is this disadvantageous to plaintiff, it also prevents plaintiff from discovering evidence related to the individuals interviewed in the reports, including deposing these witnesses if necessary. Plaintiff was informed upon her removal from her position as Chief Clerk that Mr. Testo's report was the primary

4

motivating factor to demote her, and therefore, plaintiff should be given a full and fair opportunity to examine this report, and unfettered access to the names of the interviewed individuals.

Moreover, defendants place a particular emphasis on the Court's discussion in *Mitchell* regarding public dissemination of the identity of the committee members. Should the Court grant plaintiff's application for full access to the April 16, 1997 and October 12, 2006 reports, both reports are still within the scope of the Stipulation and Confidentiality Order entered into by the parties, and the identities of the interviewed individuals will not be disseminated to the public. *See Docket No. 52*.

Lastly, defendants rely on the assertion of a "danger" that will occur should the plaintiff have full access to the IG/UCS reports. Critically, defendants are unable to specifically identify any danger that could potentially occur as a result of plaintiff being furnished with non-redacted copies of the reports, and merely rely on vague speculations. Defendants state that "the informants in this case were people who the plaintiff knew, and still knows; judges, colleagues, lower-ranking staff." If anything, this alleged "danger" only boosts plaintiff's argument that the identities of the interviewed individuals are relevant to her claims of retaliation by defendants.

Defendants' assertion that the IG/UCS's report and the underlying investigative materials are somehow privileged materials protected from discovery is completely unsubstantiated by statute or case law. Mr. Testo's assertion that he must maintain the confidentiality of the identity of those who provided information during the investigation is equally baseless. As previously stated in plaintiff's Supplemental Memorandum of Law in Opposition to Defendants' Motion for a Protective Order, if any privilege exists, which is doubtful as the defendants have not provided a basis for one, then it would be no more than a qualified privilege at best. Furthermore, neither the defendants nor

5

Mr. Testo have provided a legal basis which shows that the IG/UCS's assurances of confidentiality given to individuals providing information during the course of an investigation are to be upheld by the Court. While it may be reasonable for an employee to expect that the IG/UCS's office would maintain confidentiality within the confines of the workplace, no reasonable person would expect that assurance to extend beyond that arena.

Finally, plaintiff reiterates that she should be given the opportunity to examine the reports and the underlying investigative materials in their entirety in order to determine if the defendants were active participants in this "investigation" and whether they were exerting any undue influence over others who may have provided information to the IG/UCS during the course of the investigation. When considering the characterization of the claims made by the plaintiff, it is clear that the defendants have gone to great lengths to interfere with her ability to perform her duties. Defendants cannot be allowed to claim reliance on a document created following an investigation by a third party when the defendants themselves very well may have poisoned that investigation from the start.

Defendants have failed to establish any type of privilege or danger in releasing the names of the interviewed individuals in the IG/UCS reports to plaintiff that would overcome their burden to limit the broad scope of discovery under Fed. R. Civ. P. 26, which provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 101 (S.D.N.Y. 1997) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978) ("Relevance for discovery purposes is an extremely broad concept which has been construed . . . to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is

or may be in the case."); *see also Troupin v. Metro. Life Ins. Co.*, 169 F.R.D. 546, 547 (S.D.N.Y. 1996) ("Relevance is defined broadly to include any materials which appear reasonably calculated to lead to the discovery of admissible evidence."). Therefore, the Order of Magistrate Judge DiBianco is clearly erroneous and contrary to law, and should be overruled by the Court.

## IV. CONCLUSION

Based on the foregoing and the motion papers and supporting documents previously filed with this Court, plaintiff requests that this Court overrule Magistrate Judge DiBianco's Order, issued July 28, 2008, on the basis that the Order was completely erroneous and contrary to law, and grant plaintiff unrestricted access to the April 16, 1997 and October 12, 2006 reports, as well as the underlying investigative materials.

Dated: White Plains, New York
       August 11, 2007

Yours, etc.,
**SAPIR & FRUMKIN LLP**


By: /s/ William D. Frumkin
William D. Frumkin (WF 2173)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366


F:\APPLICAT\WP\Morin\Litigation\Discovery\MOL-Objections.Order.DiBianco (7.28.08).wpd\rlh

## CERTIFICATE OF SERVICE

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER    )ss.:

RACHEL L. HORTON, being duly sworn, deposes and states as follows:

I hereby certify that I am not a party to this action and am over 18 years of age. I further certify that on August 11, 2008, a copy of the PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTIONS TO THE ORDER OF MAGISTRATE JUDGE GUSTAVE J. DIBIANCO, DATED JULY 28, 2008 was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

>Charles J. Quackenbush, Esq.
>Assistant Attorney General
>State of New York Office of the Attorney General
>Division of State Counsel
>Litigation Bureau
>The Capitol
>Albany, New York 12224-0341

Parties may access this filing through the Court's electronic filing system

 /s/ Rachel L. Horton
Rachel L. Horton