UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BOBETTE J. MORIN,

                            *Plaintiff*,      **MEMORANDUM**

       -against-                        5:07-CV-0517
                                                         (DNH)(GJD)

HON. JAMES C. TORMEY, HON. BRYAN R. HEDGES,
JOHN R. VONINSKI and WILLIAM F. DOWLING,

                                *Defendants*.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR CONTEMPT SANCTIONS PURSUANT TO RULE 45(E)

                                            ANDREW M. CUOMO
                                            Attorney General of the State of New York
                                            Attorney for Defendants
                                            The Capitol
                                            Albany, New York  12224-0341

Charles J. Quackenbush
Assistant Attorney General, of Counsel
BRN 601683
(518) 402-2270
charles.quackenbush@oag.state.ny.us

**Table of Contents**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

<u>Argument</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.    Plaintiff's "expert" unjustifiably withheld subpoenaed documents . . . . . . . . . . . . 5
     B.    Plaintiff's "expert" unjustifiably withheld subpoenaed testimony  . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Preliminary Statement**

In this action the plaintiff claims to have suffered psychological injuries caused by actions allegedly taken by the defendants in order to retaliate against her for a private conversation she claims to have had in the "summer of 2002" with Judge Tormey and Mr. Voninski. Complaint, ¶37, First/Second Causes of Action, "Prayer for Relief" paragraphs.[1] Plaintiff seeks compensatory relief, including damages for "pain and suffering, humiliation, mental anguish, emotional distress, and loss of enjoyment of life." Complaint, p.26.

The defendants have sought to pursue timely discovery on the issue of plaintiff's psychological injuries. By subpoena *duces tecum* under Fed. R. Civ. P. Rule 45 the defendants sought to examine plaintiff's sole "expert" on the issue of psychological injury. However, as discussed below, the witness, and plaintiff's counsel have unjustifiably failed to comply with process. The defendants respectfully submit that contempt sanctions should issue.

**Statement of the Case**

This action was commenced in May of 2007. Docket #1. On November 29, 2007 the Court issued a pretrial scheduling Order (PTSO). Docket #43. Among other things the Court specified procedures for the management of expert witnesses. *Id*., pp.2-3. The Court directed that "[there] shall be a binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below." The Court made explicit reference to Fed. R. Civ. P. Rule 26(a)(2) which requires, among other things, production of the data and documents to be used by such expert upon which their testimony would be based. Rule 26(a)(2)(B)(i)-(vi).

On March 27, 2008 the defendants sent medical waivers to plaintiff's counsel with the

---

[1] Plaintiff's claims were examined in the October 11, 2007 Decision and Order of the Court by which defendants' Rule 12(b) Motion was partially granted and partially denied. Docket ##31-32.

request that the plaintiff execute and return them forthwith.  At that time the parties' discovery deadline was May 9, 2008.  For reasons which have never been explained, plaintiff did not return executed waivers, or provide notice of proposed experts, or provide copies of expert reports/notes, within that original deadline.

Plaintiff's signed medical waivers were received on June 4, 2008.[2]  On that date the defendants sent requests for records to each of plaintiff's known medical providers.[3]  Plaintiff's "expert Notice/Report" was received by the defense on or about June 30, 2008.  Plaintiff's counsel expressed their intent to present expert opinion testimony of Dr. John Tanquary, a psychiatrist, and Clare Howard, a nurse practitioner with Dr. Tanquary's office.[4]  No pertinent records were provided with the Notice/Report.  As of June 30, Dr. Tanquary and Ms. Howard also had not responded to defendants' June 4, 2008 record request.[5]

After repeated requests to plaintiff's counsel, copies of records from Ms. Howard were finally provided on September 26, 2008.  A day earlier the defense had served a Rule 45 subpoena *duces tecum* requiring Ms. Howard's personal testimony, and production of records, on October 6, 2008.[6]  Plaintiff's counsel did not seek to quash the subpoena and raised no objection to it.

On October 6 defendants' counsel deposed Ms. Howard on that date and learned, among

---

[2] On June 4, 2008 defendants' counsel immediately sent requests for treatment records, with plaintiff's executed waivers, to her medical providers.

[3] Copies of those requests are provided as Quackenbush Declaration Exh. C.

[4] A copy of plaintiff's Notice is provided as Quackenbush Declaration Exh. D.

[5] Quackenbush Declaration, ¶7.

[6] Plaintiff's counsel agreed to accept service of the subpoena on Ms. Howard's behalf.  The date was established with the consent of all parties.  Quackenbush Declaration, ¶8.

3

other things, that sections of plaintiff's medical records had been unjustifiably withheld. At several points during the deposition also Ms. Howard refused to answer questions under oath. Moreover, on a number of occasions plaintiff's counsel interfered with the conduct of the deposition, ratified the witness's recalcitrance, and improperly directed the witness not to answer questions.

### **Argument**

Plaintiff's ostensible expert witness is also one of plaintiff's treatment providers. Ms. Howard, however, is not being offered simply to testify as to the plaintiff's condition and treatment. She is being offered by the plaintiff to testify on the material issue of causation. In her "expert report" dated June 24, 2008 Ms. Howard wrote,

> [plaintiff's] symptoms began in March 2007, the direct result of severe stressors she had been encountering in the work place. Her symptoms have been physical emotional and mental. . . .In our opinion, Ms. Morin's psychiatric difficulties are the direct result of the unjust treatment she has suffered at the work place. As she resumes her work schedule following a period of sick leave, her psychiatric symptoms have intensified. She has been an extremely competent and faithful public servant in the Family Court System for most of her career. The injustices she has suffered at work have been the direct cause of her psychiatric problems for the past year and also the cause of her incapacity to work.[7]

Plainly, Ms. Howard is a "witness" whose expert opinion, and supporting records, should have been fully produced many months ago.[8] With the advice and assistance of plaintiff's counsel, Ms. Howard has refused to comply with federal process.

---

[7] Plaintiff's statements to Ms. Howard that her symptoms of "depression" only emerged in 2007 stand in contrast against her allegations that psychological suffering began in 2002 and continued unabated through the next several years. Complaint, ¶¶45-46, 126-129. *NB* also that defendant Voninski had retired from UCS service in September of 2006, before plaintiff's symptoms ostensibly emerged.

[8] The dilatory course of plaintiff's "expert" productions is recounted in Quackenbush Declaration, ¶¶3-8 and referenced exhibits.

4

A.     **Plaintiff's "expert" unjustifiably withheld subpoenaed documents**

On September 26, 2008 the defense received a copy of materials purporting to be Nurse Howard's treatment records from plaintiff's counsel. Nurse Howard was then served with a subpoena *duces tecum* requiring her to attend a deposition on October 6, 2008. Ms. Howard was specifically directed to bring the COMPLETE MEDICAL FILE IN YOUR CARE OR CUSTODY, INCLUDING ANY RECORDS OF DIAGNOSTIC TESTS SUPPLIED BY AN OUTSIDE PROVIDER OR CONSULTANT, FOR BOBETTE J. MORIN.[9]

On October 6, 2008, Nurse Howard appeared and was deposed by AAG Roger W. Kinsey.[10] She testified that she had examined plaintiff's medical records prior to her deposition. However, she did not bring plaintiff's medical record with her.

Under questioning by AAG Kinsey, Ms. Howard revealed that she had withheld treatment records which she had reviewed and relied upon in the course of her work with the plaintiff. When AAG Kinsey explained that such records had to be provided, plaintiff's counsel objected, stating that some sort of additional release (beyond the comprehensive release already executed by the plaintiff) would be required.[11]

Ms. Howard went on to reveal that she also maintained - but failed to produce - a "family medical leave" file which she had kept on the plaintiff.[12] As AAG Kinsey sought to learn more about these records plaintiff's attorney repeatedly interrupted with objections. When AAG Kinsey asked about Ms. Howard's communications with plaintiff's attorneys, plaintiff's counsel asserted a

---

[9]  Quackenbush Declaration, ¶8, Exh. F.

[10]  A copy of the Howard deposition transcript (minus exhibits) is provided as Exh. G. The deposition was held in the OAG Regional Office in Syracuse. Plaintiff's counsel participated by speaker phone.

[11]  Howard deposition, pp.23-24.

[12]  Howard deposition, pp.55-58.

5

privilege-based objection and directed the witness not to answer. Indeed the transcript is littered with objections by plaintiff's counsel which served no discernible purpose but to impede, frustrate and delay a fair examination of Ms. Howard.[13]

**B.    Plaintiff's "expert" unjustifiably withheld subpoenaed testimony**

AAG Kinsey also sought to explore the basis for Ms. Howard's conclusion that the plaintiff had been "victimized" by others in her workplace. Ms. Howard advised that she had consulted with knowledgeable persons and, somehow, had satisfied herself that the plaintiff's perspective was accurate. When asked to identify these individuals, Ms. Howard refused to do so. Contumaciously, she then sought to retract her earlier testimony, with the encouragement of plaintiff's counsel.[14]

A copy of the transcript from Ms. Howard's deposition is provided herewith. Upon review it will be plain to the Court that Ms. Howard consciously withheld subpoenaed materials. It will be equally plain that Ms. Howard unjustifiably refused to answer questions at her deposition. It will be clear as well that plaintiff's counsel has ratified, and reinforced, Ms. Howard's refusal to comply with federal process.[15] Plaintiff's counsel advised that he was taking defendants' demands for documents, and answers, "under advisement." In the aftermath of Ms. Howard's deposition plaintiff's counsel have had ample time to reexamine and reconsider their positions. They have produced no further information.

Ms. Howard's conduct at her deposition speaks for itself. She consciously chose to disregard

---

[13] *E.g.* Howard deposition, pp.16-26, 34. A word search through the transcript reveals that the phrase "Abraham: objection" occurs 65 times.

[14] Howard deposition, pp.38-41.

[15] *E.g.* Howard deposition, pp.23, 60-61.

the clear direction of a federal subpoena and strenuously resisted questioning under oath. Her misconduct was ratified and compounded by the collaborative interference of plaintiff's counsel. "Willfulness," if the element is required, is also evident from the failure to produce even a partial treatment record to the defense until the penultimate month of discovery.

## Conclusion

The defendants respectfully request that the Court issue an Order imposing contempt sanctions based upon the refusal of plaintiff's expert witness to comply with process under Fed. R. Civ. P. Rule 45, with such other and further relief as it deems appropriate.

Dated: Albany, New York
November 19, 2008

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York  12224-0341

By: **s/Charles J. Quackenbush**
Charles J. Quackenbush
Assistant Attorney General, of Counsel
BRN 601683
charles.quackenbush@oag.state.ny.us

TO:   William D. Frumkin
Sapir, Frumkin Law Firm
399 Knollwood Road, Suite 310
White Plains, NY 10603

Clare Howard, NP
Office of John Tanquary
327 West Fayette Street
Syracuse, NY 13202