UNITED STATES DISTRICT COURT            ECF Case
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BOBETTE J. MORIN,

                    Plaintiff,          Civil Action No.
                                                     07-CV-517 (DNH)(GJD)

     -against-

HON. JAMES C. TORMEY, Individually and
in his Official Capacity as District Administrative
Judge of the Fifth Judicial District, HON. BRYAN
R. HEDGES, Individually and in his Official
Capacity as Judge of the Onondaga Family Court,
JOHN R. VONINSKI, Individually and in his
Official Capacity as Executive Assistant to the
District Administrative Judge, and WILLIAM F.
DOWLING, Individually and in his Official
Capacities as Law Clerk to FCJ Bryan Hedges and
as Fifth District Court Attorney Referee, THE
OFFICE OF COURT ADMINISTRATION OF
THE UNIFIED COURT SYSTEM, and THE
STATE OF NEW YORK,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR CONTEMPT SANCTIONS**

                                        Sapir & Frumkin LLP
                                        399 Knollwood Road, Suite 310
                                        White Plains, New York 10603
                                        (914) 328-0366

*On the Brief*:

     William D. Frumkin, Esq.
     Scott R. Abraham, Esq.

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.        Standards for Contempt Sanctions Under Fed. R. Civ. P. Rule 45(e) . . . . . . . . . . 3

        B.        Ms. Howard Has Produced All Subpoenaed Documents Not Already Within
                the Possession of Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        C.        Ms. Howard Testified Properly . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## *Cases*

*Cruz v. Meachum*, 159 F.R.D. 366 (D. Conn. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Forum Ins. Co. v. Keller*, 1992 U.S. Dist. LEXIS 15231, 1992 WL 297580 (S.D.N.Y. 1992) . . 3

*Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . 4

*PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . 3

*United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464 (2d Cir. 1996) . . . . . . . . . . . . . . . . . 7

*Waste Conversion, Inc. v. Rollins Envtl. Servs. (N.J.), Inc.*, 893 F.2d 605 (3d Cir. 1990) . . . . . . 3

## *Rules and Statutes*

Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Rule 37(a) . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P., Rule 45(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 8, 9

# I. PRELIMINARY STATEMENT

Plaintiff Bobette Morin ("Plaintiff"), respectfully submits her Memorandum of Law In Opposition to Defendants' Motion for Sanctions for Contempt pursuant to Fed. R. Civ. P. Rule 45(e). Notwithstanding the fact that each argument raised by Defendants in their motion is moot, Plaintiff finds that the instant motion is difficult to respond to on the basis that Defendants appear to seek sanctions to be imposed on Plaintiff's expert witness, yet at the same time, Defendants make misguided and baseless accusations towards Plaintiff's counsel. Furthermore, Defendants fail to identify the "sanctions" they seek.

The basis for Defendants' motion is that they seek production of documents that are already within their possession, or that do not exist. It appears that without first seeking assistance from the Court to compel discovery, Defendants seek to have severe penalties imposed on Plaintiff's expert witness. As discussed below, Defendants' motion should be denied in its entirety.

# II. FACTS[1]

Claire Howard, Plaintiff's expert witness, was deposed on October 6, 2008 by Assistant Attorney General ("AAG") Roger Kinsey pursuant to a Rule 45 subpoena *duces tecum*.[2] Prior to Ms. Howard's deposition, on or about September 26, 2008, Ms. Howard provided to Defendants all of Plaintiff's medical records that were not already within Defendants' possession.[3] Between September 26, 2008 and October 6, 2008, Ms. Howard did not record any additional notations with

---

[1] Plaintiff's citations are to the Affidavit of Claire R. Howard In Opposition to Defendants' Motion for Contempt Sanctions, submitted herewith.

[2] ¶ 2.

[3] ¶ 3.

respect to her treatment of the Plaintiff.[4]

During her deposition, Ms. Howard testified that during the period she treated Plaintiff, Dr. Stringer, Plaintiff's primary care physician, provided his medical records to her. Dr. Stringer was only able to provide his medical records to Ms. Howard after Plaintiff authorized Dr. Stringer to do so. Ms. Howard did not produce Dr. Stringer's records to Defendants because she believed in good faith that she was unauthorized to do so without Plaintiff executing either a medical authorization or release. Ms. Howard also believed that disclosing these records would have been a violation of the Health Insurance Portability and Accountability Act ("HIPAA").[5]

Ms. Howard also testified at her deposition that she maintains a Family and Medical Leave Act ("FMLA") file for Plaintiff. Ms. Howard believed in good faith that because Plaintiff, in the course of her employment, had submitted to Defendants any and all documents that Ms. Howard maintains in Plaintiff's FMLA file, it was unnecessary for her to reproduce these documents to Defendants' counsel.[6] Ms. Howard subsequently produced to Defendants all FMLA documents that she maintains in Plaintiff's medical records.[7]

Lastly, Ms. Howard testified at her deposition that she had consulted with knowledgeable persons that Plaintiff has been an extremely competent and faithful public servant in the family court system. At the time of deposition, Ms. Howard believed that the knowledgeable persons she had referred to were patients of hers, and therefore, any disclosure of their identity would have been a

---

[4] ¶ 4.

[5] ¶ 5.

[6] ¶ 6.

[7] *Id.*

breach of physician-patient confidentiality.  Subsequently, Ms. Howard provided Defendants' counsel with an errata sheet for her deposition transcript.  In actuality, Ms. Howard only had communications with one knowledgeable person.  This person is another employee of the family court system, and is the daughter of a former patient of Ms. Howard.  Therefore, Ms. Howard does not have any records for this family court employee because she is not a patient of Ms. Howard.[8]

To date, Ms. Howard has complied fully and to the best of her ability with Defendants' Rule 45 subpoena.[9]

### III. LEGAL ARGUMENT

**A.     Standards for Contempt Sanctions Under Fed. R. Civ. P. Rule 45(e)**

Fed. R. Civ. P. Rule 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Id.*  However, in order to impose sanctions on the nonparty, violation of a court order is generally required in addition to the failure to comply with the subpoena. *See, e.g., PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (nonparty failed to comply first with subpoena and subsequent court order); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [FRCP] 45(e), there must be a court order compelling discovery."); *Forum Ins. Co. v. Keller*, 1992 U.S. Dist. LEXIS 15231, 1992 WL 297580, at *2-3 (S.D.N.Y. 1992).  A subpoena, obtainable as of course from the Clerk of the Court or issued by an attorney without any court involvement, is not of the same order as one issued by a judicial officer in the resolution of a specific dispute. *Cruz* at 368 (*citing Waste Conversion, Inc. v. Rollins Envtl. Servs. (N.J.), Inc.*, 893 F.2d 605,

---

[8] ¶ 7.

[9] ¶ 8.

3

608 (3d Cir. 1990) (en banc)).

Here, Defendants failed to provide a court order compelling discovery from Ms. Howard, because one simply does not exist. Even though Ms. Howard has already produced all subpoenaed documents and has not withheld any non-privileged testimony, without the combination of a Rule 45 subpoena and court order compelling discovery, Defendant's motion should be denied in its entirety.

Although Defendants do not appear to seek to have sanctions imposed on Plaintiff or her counsel, the Court should also find that sanctions against Plaintiff or her counsel are unwarranted. "[A] party may be sanctioned for a non-party witness' failure to testify under two provisions: (1) under Rule 37(a), where the witness who has been designated to testify defies a court order compelling the deposition; and (2) under rule 37(d), where a witness designated to testify as to specific matters fails to appear for the deposition after being served with proper notice." *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 38 (E.D.N.Y. 1998).

Here, the nonparty witness has neither defied a court order compelling her deposition, nor has she failed to appear for her deposition after being served with proper notice. Therefore, sanctions imposed on Plaintiff or her counsel would be unwarranted and improper under the circumstances.

### B.    Ms. Howard Has Produced All Subpoenaed Documents Not Already Within the Possession of Defendants

First, Defendants assert that Ms. Howard did not bring Plaintiff's medical records with her to her deposition.[10] However, Defendants acknowledge that copies of records from Ms. Howard

---

[10] *See* Defendants' Memorandum In Support of Defendants' Motion for Contempt Sanctions Pursuant to Rule 45(e) (hereinafter "Defendants' Memo"), at p. 5.

4

were provided to Defendants' counsel on September 26, 2008.[11] Between September 26, 2008 and October 6, 2008, no additional notes or documents were added to Plaintiff's records.[12] To request Ms. Howard to bring Plaintiff's records with her to her deposition is wholly unnecessary and redundant at best, when these records were already in the possession of Defendants, and were in fact introduced by Defendants as an exhibit during the deposition.[13]

Defendants next assert that at her deposition, Ms. Howard revealed that she had withheld treatment records which she had reviewed and relied upon in the course of her work with the Plaintiff.[14] Specifically, Defendants are referring to the treatment records of Dr. Stringer, Plaintiff's primary care physician.[15] Dr. Stringer had previously provided his records regarding his care of Plaintiff to Ms. Howard during Plaintiff's course of treatment with her.[16] Plaintiff had to authorize the release of Dr. Stringer's records to Ms. Howard.[17] Ms. Howard believed in good faith that she was not authorized to provide medical records of another healthcare provider to Defendants without an executed authorization and release from Plaintiff, and that doing so would have been a violation of HIPAA.[18] In addition, Defendants have already been provided with all of Plaintiff's medical

---

[11] Defendants' Memo at p. 3.

[12] *See* Affidavit of Claire Howard at ¶ 4.

[13] A copy of Claire R. Howard's deposition transcript (hereinafter "Howard deposition") is annexed to the Declaration of AAG Charles Quackenbush (hereinafter "Quackenbush Dec."); *See* Howard deposition at p. 2.

[14] Defendants' Memo at p. 5.

[15] *Id.*

[16] *See* Affidavit of Claire Howard at ¶ 5.

[17] *Id.*

[18] *Id*.

records from Dr. Stringer. In their own motion, Defendants acknowledge that Plaintiff signed medical waivers, and thereafter, Defendants sent requests for records to each of Plaintiff's known medical providers.[19] One of these medical providers was Dr. Stringer.[20] Furthermore, Ms. Howard never stated during her deposition that she relied upon the medical records of Dr. Stringer in forming her opinion of Plaintiff's mental health condition.[21]

Defendants next assert that Ms. Howard maintained but failed to produce a "family medical leave" file which she had kept on Plaintiff[22] Ms. Howard believed in good faith that because Plaintiff had submitted to Defendants any and all documents that Ms. Howard maintains in Plaintiff's FMLA file, it was unnecessary for her to reproduce these documents to Defendants' counsel.[23] Ms. Howard subsequently produced to Defendants all FMLA documents that she maintains in Plaintiff's medical records.[24] Critically, Defendants were already in possession of all documents that Ms. Howard maintained in Plaintiff's FMLA file. During the course of discovery, Defendants produced Plaintiff's personnel file which is maintained by the Fifth Judicial District and Onondaga Family Court.[25] All documents that were subsequently produced to Defendants from Ms. Howard's FMLA

---

[19] Defendants' Memo at p. 3.

[20] *See* Quackenbush Dec., Exhibits B and C.

[21] Howard deposition at pp. 21-24.

[22] Defendants' Memo at p. 5.

[23] *See* Affidavit of Claire Howard at ¶ 6.

[24] *Id*.

[25] Plaintiff's personnel file is voluminous and many documents are confidential. For the sake of judicial convenience and to avoid inundating the Court with hundreds of documents, Plaintiff will abstain from submitting her personnel file as an exhibit, and will refer to documents in her personnel file by their Bates-Stamp number for the convenience of Defendants. The documents in Plaintiff's personnel file are Bates-Stamped 1 through 487.

file were in Plaintiff's personnel file.[26] Sanctions are inappropriate at this point now that Ms. Howard has provided documents to Defendants that were already in their possession. Although Defendants had these documents in their possession prior to Ms. Howard's deposition, they have chosen to move for sanctions. This undisputed fact underscores the absurdity of this application and begs the question whether Defendants are the parties who should be sanctioned.

Lastly, Defendants assert that when AAG Kinsey asked about Ms. Howard's communications with Plaintiff's attorneys, Plaintiff's counsel asserted a privilege-based objection and directed the witness not to answer.[27] This assertion is false and incorrect. In actuality, AAG Kinsey asked Ms. Howard about communications that Plaintiff had with her attorneys, not communications that Ms. Howard had with Plaintiff's attorneys.[28] This was apparently Defendants' counsel's attempt to subvert the attorney-client privilege, and any objection to this line of questioning was proper. *See United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464 (2d Cir. 1996).

### C. Ms. Howard Testified Properly

At her deposition, Ms. Howard testified that she had consulted with knowledgeable persons that Plaintiff has been an extremely competent and faithful public servant in the family court system.[29] Defendants assert that Ms. Howard unjustifiably refused to provide the identity of the

---

[26] Plaintiff's personnel file, documents Bates-Stamp Nos. 202-205, 215 220-222, 227, 231-233.

[27] Defendants' Memo at pp. 5-6.

[28] Howard deposition at pp. 60-62.

[29] Howard deposition at p. 38.

knowledgeable persons that she had consulted with.[30]  At the time of deposition, Ms. Howard believed that the knowledgeable persons she had referred to were patients of hers, and therefore, any disclosure of their identity would have been a breach of physician-patient confidentiality.[31]  Ms. Howard provided Defendants' counsel with an errata sheet for her deposition transcript which corrected her testimony.[32]  In actuality, Ms. Howard only had communications with one knowledgeable person.  This person is another employee of the family court system, and is the daughter of a former patient of Ms. Howard.[33]  Therefore, Ms. Howard does not have any records for this family court employee because she is not a patient of Ms. Howard, so any request for these records by Defendants is now moot.

In sum, Ms. Howard has reproduced and provided all subpoenaed records to Defendants that were already in their possession.  Before sanctions can be imposed under Fed. R. Civ. P. Rule 45(e), there must be a court order compelling discovery, and a failure to comply with that court order.  Because no such order exists, Defendants motion seeking sanctions for contempt should be denied in its entirety.

---

[30] Defendants' Memo at p. 6.

[31] *See* Affidavit of Claire Howard at ¶ 7.

[32] *Id.* at Ex. 1.

[33] *Id.*

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Contempt Sanctions pursuant to Fed. R. Civ. P. Rule 45(e) should be denied in its entirety.

Dated: White Plains, New York
       December 23, 2008

                                            Yours, etc.,
                                            **SAPIR & FRUMKIN LLP**


                                            By:  /s/ William D. Frumkin
                                                 William D. Frumkin (BRN 104734)
                                                 Attorneys for Plaintiff
                                                 399 Knollwood Road, Suite 310
                                                 White Plains, New York 10603
                                                 (914) 328-0366


F:\APPLICAT\WP\Morin\Litigation\Discovery\Motion for Sanctions for Contempt\MOL.Opp.Sanctions.Contempt.wpd\rlh