UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BOBETTE J. MORIN,

        Plaintiff,    07-CV-517 (DNH)(ATB)
                ECF Case

 -against-

HON. JAMES C. TORMEY, HON. BRYAN R.
HEDGES, JOHN R. VONINSKI, and
WILLIAM F. DOWLING,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF WILLIAM D. FRUMKIN IN OPPOSITION TO DEFENDANTS' RULE 60(b) MOTION FOR RECONSIDERATION

**WILLIAM D. FRUMKIN**, an attorney admitted to practice before this Court declares, pursuant to 28 U.S.C. §1746, under penalties of perjury that the following is true and correct:

1. I am a partner in Sapir & Frumkin LLP, attorneys for the Plaintiff in the above-referenced matter and I make this declaration in Opposition to Defendants' Rule 60(b) Motion for Reconsideration.

2. In ¶ 5 of the Declaration of AAG Charles Quackenbush ("Quackenbush Dec."), he states "Some of the defendants simply were not privy to the *in camera* submissions for the Motion for the Protective Order." He then goes on to say that, "Defendants Hedges, Voninski and Dowling were not personally involved in the application to keep certain information about Judge Klim confidential." Plaintiff has no way of knowing whether this is the case, but these statements constitute an admission that Judge Tormey not only executed a Declaration in Support of the Application for a Protective Order (*see* Quackenbush Dec. ¶ 6), but had to be the source of marshaling the documents that were submitted to the Court for *in camera* inspection. Thus, Judge Tormey was obviously the driving force behind the effort to keep critical documents away from the

Plaintiff during discovery, the very documents that were subsequently used in the attempt to obtain summary judgment. To now say that Judge Tormey was an innocent bystander after he was properly sanctioned rings hollow.

3. In ¶6 of the Quackenbush Dec., the assertion is made that Judge Tormey and his counsel could reasonably believe that the standards and goals and travel documentation pertaining to Judge Klim had been provided to opposing counsel. Such belief was clearly not reasonable since all Judge Tormey could possibly have known was that the documents were submitted for *in camera* inspection and the motion for a protective order was granted. How could Judge Tormey have believed that the documents were produced to opposing counsel if Magistrate Judge DiBianco never rescinded the protective order? Clearly, Judge Tormey could not have reasonably believed this, which is why the Court sanctioned him in the first place. That his counsel now seeks to take the blame is noble, but the facts dictate otherwise.

4. Counsel tries to rely on the "deposition record" to exonerate Judge Tormey (*see* Quackenbush Dec. ¶7). Counsel asserts that when I questioned Judge Tormey about Judge Klim's activities (travel irregularities and standards/and goals) that these matters were "open to inquiry." This reasoning, however, avoids what actually occurred at the deposition. Judge Tormey testified that when he and Defendant Voninski met with the Plaintiff in 2002, he requested that she "monitor" Judge Klim's activities. When I asked Judge Tormey why Judge Klim needed to be "monitored," Judge Tormey **VOLUNTEERED** that Judge Klim was involved in travel irregularities, etc. I could not have possibly raised the issue of Judge Klim's activities with Judge Tormey because prior to the deposition, Defendants' Motion for a Protective Order was granted. Therefore, all the documentation related to Judge Klim was submitted for *in camera* inspection and was never made

available to me.  Thus, I had no basis to examine Judge Tormey about the nature of Judge Klim's activities prior to the deposition because I didn't even know that Judge Klim had engaged in such activities until Tormey volunteered this information.

5.  Counsel's efforts to take the blame here only further serves to confirm that Judge Tormey was a critical actor in the efforts to block the discovery process with respect to Judge Klim, and then to use it for his own advantage at the summary judgment phase.  Counsel's efforts to deflect the Court from sanctioning Judge Tormey only serves to provide a greater basis for the Court's earlier decision.

6.  Finally, the Court should also consider that Judge Tormey has chosen not to provide an affidavit or declaration in support of this application.  However, when he sought the protective order with respect to documents pertaining to Judge Klim, he had no problem doing so.

**WHEREFORE**, Defendants' Motion for Reconsideration should be denied in its entirety.

Dated: July 12, 2010
       White Plains, New York

                                             /s/ William D. Frumkin
                                            William D. Frumkin (BRN 104734)

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2010, the Declaration of William D. Frumkin in Opposition to Defendants' Rule 60(b) Motion for Reconsideration was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including:

>Charles J. Quackenbush, Esq.
>Assistant Attorney General
>State of New York Office of the Attorney General
>Division of State Counsel
>Litigation Bureau
>The Capitol
>Albany, New York 12224-0341

Parties may access this filing through the Court's electronic filing system

   /s/ Rachel L. Horton
  Rachel L. Horton