UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBETTE J. MORIN,

                        Plaintiff,

    vs.                                                  5:07-CV-517
                                                               (DNH/ATB)
HON. JAMES C. TORMEY, et al.,

                        Defendants.

_____

WILLIAM D. FRUMKIN, ESQ., Attorney for Plaintiff
CHARLES J. QUACKENBUSH, AAG, Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER

Defendants have filed a motion under FED. R. CIV. P. 60(b) seeking partial reconsideration of this court's April 29, 2010 court's order imposing sanctions on all defendants and their counsel, pursuant to FED. R. CIV. P. 37(b)(2)(C) and 16(f)(2). (Dkt. No. 178). Based on a Declaration of defense counsel, defendants request that the order of sanctions be maintained only as to counsel, but vacated with respect to the individual defendants. Plaintiff has opposed that motion, arguing that at least defendant Tormey should be held jointly responsible for the sanctions imposed. (Dkt. No. 179). This court will grant the defendants' motion and vacate the imposition of sanctions against the individual defendants, while re-affirming the imposition of sanctions on defense counsel. Familiarity with the relevant facts set forth this court's April 29, 2010 Memorandum-Decision and Order (Dkt. No. 174) is presumed.

A Rule 60(b) motion may be permissible with respect to an order imposing

sanctions. *See, e.g., Jacobs v. Citibank*, N.A., 318 Fed. Appx. 3 (2d Cir. 2008) (Rule 60(b) motion seeking relief from a civil contempt order and imposition of attorneys fees and costs). Rule 60(b) motions are not intended to substitute for a direct appeal. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Moreover, Rule 60(b) may be invoked only upon a showing of exceptional circumstances. *Id*. However, such a motion may be granted to "prevent a manifest injustice." *Bobreski v. Ebasco-Raytheon Constructors*, 96-CV-53, 1998 WL 386488 (N.D.N.Y. July 8, 1998); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004).

Defense counsel's declaration (Dkt. No. 178-1) presents, for the first time, information regarding the relative culpability of counsel and the individual defendants regarding the violations of Magistrate Judge Di Bianco's discovery orders. The declaration avers that the individual defendants were not aware that defense counsel failed to provide plaintiff with the documents relating to Judge Klim that were covered by the Protective Order, between the time of Judge Di Bianco's July 28, 2008 discovery order (Dkt. No. 76)[1] and the public filing of certain of those documents in support of defendants' summary judgment motion in February 2009. This court accepts defense counsel's representations regarding the lack of knowledge of the individual defendants with respect to the failure to disclose the subject documents during that critical time period, which was the most egregious violation of Judge Di Bianco's orders. This court concludes, in its discretion, that, based on this newly

---

[1] The judge ordered defendants, *inter alia*, to "indicate forthwith whether they plan to utilize any information in their possession regarding Hon. David Klim as part of their defense at trial . . . ." (Dkt. No. 76).

submitted information, which mitigates the culpability of the individual defendants, the sanctions should be imposed only upon defense counsel.  *See, e.g., Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (sanctions are intended to serve a general deterrent effect on litigants "provided that the party against whom they are imposed was in some sense at fault").

**WHEREFORE**, it is hereby

**ORDERED**, that defendants' Rule 60(b) Motion for Reconsideration (Dkt. No. 178) is **GRANTED**, and it is further

**ORDERED**, that this court's April 29, 2010 Memorandum-Decision and Order (Dkt. No. 174) is modified, pursuant to FED. R. CIV. P. 60(b), only insofar as the $2,000 in monetary sanctions referenced therein shall be imposed only against defense counsel of record, and not against the individual defendants, and it is further

**ORDERED** that defense counsel shall reimburse plaintiff for fees and expenses in the amount of $2,000, incurred as a result of defendants' failure to obey Judge Di Bianco's discovery orders, on or before September 7, 2010.

Dated: July 14, 2010

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge