SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S E-MAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN[*]

TEL: (914) 328-0366
FAX: (914) 682-9128

ELIZABETH E. HUNTER[**]
BINDU KRISHNASAMY
KATHERINE L. BROMBERG

PARALEGAL
RACHEL L. HORTON

[*]Admitted in N.Y. & CT
[**]Admitted in N.Y. & CA

December 20, 2010

*Via ECF*

Hon. David N. Hurd
United States District Judge
U.S. District Court for the
 Northern District of New York
Alexander Pirnie Federal Bldg
 and U.S. Courthouse
10 Broad Street
Utica, New York 13501

> *Re:*  *Morin v. Tormey, et al.*
> *07-CV-0517 (DNH)(GJD)*
> *Our File No. 06-7759*

Dear Judge Hurd:

  We represent Plaintiff Bobette Morin in the above-referenced action. We write in response to the letter motion filed by Defendant William Dowling on December 14, 2010, requesting an *ex parte* conference with the Court regarding issues related to Defendants' legal representation. Plaintiff respectfully requests that the request for a conference be denied. In the alternative, if a conference must be held, Plaintiff respectfully requests that the conference and any actions or decisions resulting from the conference not lead to any further delay in the trial of this case.

  It is important to note that the issue raised by Defendant Dowling's application to the Court is not whether he has a right to be represented by his own attorney, but rather, the issue is whether the State should pay for Defendant Dowling's attorney. This issue need not involve the Court. The cases cited by Defendant Dowling in his letter motion, *Dunton v. County of Suffolk*, 729 F.2d 903

Hon. David N. Hurd -2- December 20, 2010

(2d Cir. 1984), and *Calverase v. City of Syracuse*, No.5:09-CV-0774, 2009 U.S. Dist. LEXIS 94381 (N.D.N.Y. Oct. 8, 2009), do not support the Court's involvement in this issue. These cases dealt with the duties of the Court and counsel to identify, inform, and protect parties from conflicts of interest caused by multiple representation. These cases are not applicable here because Defendant Dowling does not need to be informed by the Court of any potential conflict of interest, as he has raised this issue on his own. Moreover, these cases did not hold that a Court should become involved in determining who should pay for a party's attorney. Even if the issue of whether the State should pay for Defendant Dowling's attorney were an appropriate issue for the Court to decide, it would more properly be decided in a separate action or at the conclusion of this case, rather than now, when this case is finally ready for trial after years of motions and an appeal.

In the alternative, should the Court grant Defendant Dowling's request for a conference regarding this issue, Plaintiff respectfully requests that every effort be made to resolve the issue expeditiously so as to avoid any further delay in this case.

Thank you for your consideration.

Respectfully submitted,

/s/

William D. Frumkin (BRN 104734)

WDF:EEH

cc: Hon. Gustave J. DiBianco (via ECF)
    Charles J. Quackenbush, Esq. (via ECF and e-mail)
    Edward Z. Menkin, Esq. (via ECF)
    Ms. Bobette Morin (via e-mail)

F:\APPLICAT\WP\Morin\Letters\L-USDJ Hurd.12.20.10.ECF.wpd\rlh