SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S E-MAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR  
WILLIAM D. FRUMKIN[*]

TEL: (914) 328-0366  
FAX: (914) 682-9128

ELIZABETH E. HUNTER[**]  
BINDU KRISHNASAMY  
KATHERINE L. BROMBERG

PARALEGAL  
RACHEL L. HORTON

[*]Admitted in N.Y. & CT  
[**]Admitted in N.Y. & CA

February 1, 2011

**<u>Via ECF</u>**

Hon. David N. Hurd  
United States District Judge  
U.S. District Court for the  
 Northern District of New York  
Alexander Pirnie Federal Bldg  
 and U.S. Courthouse  
10 Broad Street  
Utica, New York 13501

      *Re:*    *Morin v. Tormey, et al.*  
            *07-CV-0517 (DNH)(GJD)*  
            *Our File No.  06-7759*

Dear Judge Hurd:

     We represent Plaintiff Bobette Morin in the above-referenced action.  We are in receipt of a letter to the Court, dated January 28, 2011, from Gary T. Kelder, Esq., counsel for Defendant John Voninski, and January 31, 2011, from Robert Smith, Esq., counsel for Defendant Judge Tormey.

     As the Court will note, in Mr. Kelder's letter, he indicates that the parties, through counsel, met on January 27, via telephone conference, and agreed to have the trial scheduled during the earliest part of May.  Specifically, although not indicated in Mr. Kelder's letter, the parties agreed that they would be available for trial between May 9 and May 27.  This was based upon the fact that at the January 12 conference before the Court, I was informed that the Court was not available from May 1 to May 7.

     In Mr. Smith's letter, dated yesterday, there is now a change in Judge Tormey's position. Please be advised that the Plaintiff strenuously objects to having the trial occur at any point other than during the month of May, as Mr. Smith previously agreed during our telephone conference. If the Court will take the time to review Mr. Smith's letter to Your Honor, dated January 19, 2011,

Hon. David N. Hurd -2- February 1, 2011

he advises the Court that both Judge Tormey and he have multiple conflicts in June, including the marriage of Judge Tormey's son. He indicates that Judge Tormey would prefer that the trial occur the first or second week in May. After the parties agreed, on January 27th, we now learn that Judge Tormey is not available *at all* from the second week in May through the end of the month due to his major vacation in the middle of May in Canada where he hosts friends from around the country for a week of golf and fishing. Notwithstanding that this is the first letter I have ever seen in my career from a party to his attorney that has been sent to a Judge with respect to his client's unavailability, we firmly believe that Ms. Morin's four year wait for a trial takes precedence over Judge Tormey's golf and fishing plans. This is especially so since this alleged vacation was not even mentioned in Mr. Smith's prior letter. A further basis of our objection stems from the fact that when the case was initially brought in 2006, a pre-answer motion to dismiss was made, which the Court denied and delayed the case for almost six months. Then, after a highly contested discovery period, a motion for summary judgment was made, also denied, which delayed the case further. Finally, after that decision, the defendants saw fit to appeal to the Second Circuit, albeit unsuccessfully, which resulted in yet another delay. Judge Tormey knows full well that neither the parties nor the Court are ready to try the case prior to May, and his availability in July, when it is very difficult to schedule a trial due to vacations, and the unavailability of witnesses, will delay the trial even further.[1]

Plaintiff's position is "enough is enough." There are very serious allegations against Judge Tormey in this case and if he is exonerated at trial, so be it. However, the time has come where all excuses have to be set aside and the matter needs to proceed once and for all. Therefore, I hope that the Court will see fit to set the trial during the month of May, as the parties had initially agreed. I am sure Judge Tormey will survive the loss of his golf and fishing exploits for one year. Balancing Ms. Morin's right to move forward with the case against Judge Tormey's fishing and golfing plans, presents a no-brainer for the Court. I look forward to the Court's prompt resolution of this issue and the setting of a trial date in May. Thank you for your consideration of this application.

                                                Respectfully submitted,

                                                /s/

WDF:rlh                                         William D. Frumkin (BRN 104734)

cc:    Charles J. Quackenbush, Esq. (via ECF)
        Edward Z. Menkin, Esq. (via ECF)
        Gary T. Kelder, Esq. (via ECF)
        Robert J. Smith, Esq. (via ECF)
        Robert Julian, Esq. (via Facsimile Transmission)
        Ms. Bobette Morin (via e-mail)

F:\APPLICAT\WP\Morin\Letters\L-USDJ Hurd.02.01.11.ECF.wpd\rlh

---

[1] I am certain that as a Judge, Judge Tormey is aware that sometimes the unavailability of witnesses who have not been deposed and are unavailable for trial can present a substantive advantage to the party they will testify against. Since the Plaintiff will rely on numerous witnesses who may fit this category, a summer trial will likely be substantively prejudicial to Ms. Morin. Thus this new and creative delay tactic may serve more than just Judge Tormey's golf and fishing interests.